UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| TRIPLE S RESTAURANTS, INC. ) | Case No. 94-32848 |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| DONALD M. HEAVRIN ) | |
| Plaintiff. ) | A.P. No. 05-3194 |
| vs. ) | |
| J. BAXTER SCHILLING ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM**

This proceeding comes before the Court on the Motion and Memorandum by Chapter 7 Trustee To Dismiss Adversary Proceeding Filed by Donald M. Heavrin and the Motion by Chapter 7 Trustee for Sanctions Against Donald M. Heavrin and Chris Hodge filed by J. Baxter Schilling, the Chapter 7 Trustee (hereinafter the "Trustee"). Donald M. Heavrin (hereinafter "Heavrin") filed a response in opposition to the motion to dismiss, but no response was filed to the motion for sanctions.

**I. BACKGROUND FACTS**

This underlying bankruptcy case has a very long and somewhat tortured history. The instant adversary proceeding ultimately emanates from previous litigation between these parties during the course of the bankruptcy case. On September 30,1994, Triple S Restaurants, Inc. d/b/a Sizzler filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 14, 1994, the Chapter 11 case converted to Chapter 7 and the Trustee was appointed to represent the bankruptcy estate. On July 30, 1996, the Trustee initiated an avoidance action against Heavrin in the United States Bankruptcy Court for the Western District of Kentucky and on January 22, 2003, the Bankruptcy Court entered a judgment against Heavrin in the amount of $252,712.33.

On November 1, 2005, Heavrin initiated the action currently before this Court by filing a complaint against the Trustee in Jefferson Circuit Court. On November 21, 2005, the Trustee removed the action to this court. The complaint filed by Heavrin alleged that on September 4, 1996, the Trustee "engaged in actionable, outrage/ intentional infliction of emotional distress" when he allegedly threatened to report Heavrin to the United States Attorney's Office for criminal prosecution if he did not pay the debt owed to the bankruptcy estate. When Heavrin failed to comply, Heavrin asserts the Trustee did report Heavrin to the United States Attorney's Office, which caused four indictments to be returned against Heavrin. Heavrin was later acquitted on all counts.

On the March 29, 2006, the Trustee filed this Motion to Dismiss alleging: 1) Heavrin failed to comply with the Barton Doctrine which requires a party to obtain leave of the Bankruptcy Court before filing a state court action against a trustee; 2) the actions complained of by Heavrin were taken by the Trustee in his official capacity as trustee, and he is therefore entitled to immunity; 3) the statute of limitations applicable to Heavrin's claims bars the suit, and; 4) Heavrin's complaint failed to state a claim upon which relief can be granted.

## II. LEGAL ANALYSIS

Under what is known as the Barton Doctrine, before a non-appointing court may entertain a suit against a bankruptcy trustee for acts done in the trustee's official capacity, leave must be obtained from the appointing court; otherwise the non-appointing court lacks subject matter jurisdiction. *See Barton v. Barbour*, 104 U.S. 126, 14 Otto 126, 26 L.Ed. 672 (1881). In *Barton*, the Supreme Court held that before suit could be brought against a receiver appointed by a Federal court, "leave of the court by which he was appointed must be obtained." *Id.* at 127. The rule applied to suits against receivers appointed under the Bankruptcy Act and it applies to suits against trustees

2

under the Bankruptcy Code. The rule is a matter of federal common law. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *In re Linton*, 136 F.2d 544, 545 (7th Cir. 1998); *see also Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000). The justification behind the rule is that the appointing court has a strong interest in protecting the trustee from unjustified personal liability for acts taken within the scope of his official duties. *Lebovits v. Scheffel (In re Lehal Realty Assoc.)*, 101 F.3d 272, 276 (2d Cir. 1996). Under the Barton Doctrine, the instant case should not have been filed in state court without first seeking this Court's permission. Beyond cavil, Heavrin did not obtain leave of this Court before filing suit against the Trustee in state court. Consequently, the Barton Doctrine compels dismissal of the instant action against the Trustee.

The Trustee also seeks dismissal claiming immunity for actions taken in his capacity as trustee. A bankruptcy trustee is a fiduciary of the estate, its beneficiaries and the creditors. While a trustee may be personally liable for intentional or negligent violations of his legal duties, he is "entitled to broad immunity from suit when acting within the scope of [his] authority and pursuant to court order." *See Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989). *See also Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (bankruptcy trustee receives "derived judicial immunity" because he performs "integral part of the judicial process"). Trustees acting within the authority of their office are immune from personal liability. *See, e.g. Weissman v. Hassett*, 47 B.R. 462 (S.D.N.Y. 1985). Trustees, however, do not enjoy immunity for actions taken outside the scope of their authority. *In re Heinsohn*, 247 B.R. 237 (E.D. Tenn. 2000).

The question then turns to whether the Trustee was acting within the scope of his authority. Section 704 of the Bankruptcy Code requires trustees to collect and reduce to money property of the

estate. Recovering assets for the estate in order to make distributions to creditors is one of the principal duties of trustees. There is no question the judgment held by the Trustee against Heavrin was property of the estate. This Court finds that the Trustee's acted within the scope of his authority under § 704 and, therefore, quasi-judicial immunity will preclude a suit for damages against him as a matter of law.

Turning to the statute of limitations argument, the Trustee argues that Heavrin's action is barred by the statute of limitations. Taking the allegations in the complaint as true, the Trustee's alleged threat took place on September 4, 1996. This action was filed on November 1, 2005, more than nine years later. A claim for outrage and intentional infliction of emotional distress is governed by KRS 413.120, which provides for a five year limitations period. Thus, Heavrin filed this action beyond the applicable limitations period. In his response, Heavrin makes a brief argument that the appropriate limitations period is provided by KRS 413.160, which gives a ten year limitations period. This argument is not supported by the relevant case law holding torts of this nature are governed by KRS 413.120. *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).

The Court now turns to the last argument made for dismissal, failure to state a claim upon which relief can be granted. Motions to dismiss for failure to state a claim are not favored, and will be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957). In determining the motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations in the complaint as true. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993). Taking the allegations of Heavrin's complaint as true, this Court cannot find that it supports a cause of action

4

for outrage/ intentional infliction of emotional distress. The conduct alleged simply does not rise to the level at which a claim for outrage will lie. One of the essential elements of outrage is that the wrongdoer's conduct be outrageous and intolerable, in that it offends against generally accepted standards and decency. *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984). The requirement of outrageous and intolerable conduct is designed to limit frivolous suits and "avoiding litigation in situations where only bad manners and mere hurt feelings are involved." *Id.* at 248. Stated differently, outrageous conduct requires conduct so extreme in degree to be regarded as atrocious, and utterly intolerable in a civilized community. In the present action, assuming all the facts in the light most favorable to Heavrin, Heavrin cannot satisfy the high threshold for the tort of outrageous conduct. There is a complete absence of facts to support a claim that the actions of the Trustee were so intolerable as to reach beyond the bounds of decency and morality.

Any one of the above mentioned grounds would support dismissal of this action. Taken together, there is no question to this Court that this action should be dismissed. The Court now turns to the Motion by Chapter 7 Trustee for Sanctions Against Donald M. Heavrin and Chris Hodge. The Trustee seeks sanctions under Fed. R. Bank. P. 9011(b) claiming that the complaint filed by Heavrin was not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of the existing law. While Mr. Hodge is mentioned in the title to the motion, he is not mentioned in the body of the motion. The Court also notes that only Heavrin signed the state court complaint. Accordingly, the Court will treat this as a motion for sanctions against Heavrin alone.

The imposition of sanctions under Rule 9011 is a very serious matter. Only those actions deemed to fall squarely within the purview of Rule 9011 will result in a finding that it has been violated and result in sanctions. The purpose of Rule 9011 is to impose sanctions in order to deter

5

baseless filings and thus avoid the expenditure of unnecessary resources. *In re Deville*, 280 B.R. 483, 492 (9th Cir. BAP 2002) ("Rule 9011, like its counterpart Federal Rule of Civil Procedure 11, is designed to encourage counsel (and parties) to avoid groundless filings or filings filed for improper purposes, largely through the imposition of sanctions."); *In re Kilgore*, 253 B.R. 179, 192 (Bankr. D.S.C. 2000) ("[T]he primary purpose of Fed. R. Bankr.P. 9011 is to deter future abuse of the judicial process."). Preservation of resources is even more important in the bankruptcy context due to the often limited resources of a bankruptcy estate. A court is given discretion in deciding whether it is appropriate to impose sanctions, and if the Rule is violated, the court must limit the amount imposed to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr.P. 9011(c)(2); *Arcari v. Marder*, 225 B.R. 253, 257 (D. Mass. 1998).

The Sixth Circuit set forth the standard for imposing sanctions in *In re Big Rapids Mall Assocs.*, 98 F.3d 926 (6th Cir.1996). There the Circuit stated: "In this circuit, the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Id.* at 930. It is this Court's opinion that Heavrin's conduct was not reasonable under the circumstances. Heavrin made no reasonable inquiry before filing this suit against the Trustee. Even assuming a lack of knowledge on bankruptcy law with respect to the Barton Doctrine and trustee immunity, any cursory examination would have revealed that this action was barred by the limitations period. Furthermore, any cursory examination would have revealed the facts plead in the complaint would not support a claim for outrage. The complaint filed by Heavrin was not a legal pleading designed to remedy a wrong supposedly made by the Trustee. Instead, it was simply a perpetuation of a personal fight waged by Heavrin against the Trustee that relates back to a

bankruptcy case filed 12 years ago.  The animosity between these parties apparently heightened when the Trustee testified as the "star" witness in the criminal action against Heavrin.  While there is no prohibition against animosity  between parties, there is a prohibition against filing actions without a factual or legal basis.  This Court firmly believes Heavrin filed the current baseless action as an attempt to retaliate against the Trustee.  The Court cannot condone such conduct.  While more sanctions would certainly be warranted, the Trustee seeks only his costs and expenses, including attorney's fees.  This amount should deter Heavrin from continuing his personal crusade against the Trustee.  The Trustee is directed to submit a statement of costs and expenses incurred with respect to this adversary proceeding.  Upon review of their reasonableness, a separate order will be entered awarding costs and expenses.  The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| TRIPLE S RESTAURANTS, INC. | ) | Case No. 94-32848 |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| DONALD M. HEAVRIN | ) | |
| Plaintiff. | ) | A.P. No. 05-3194 |
| vs. | ) | |
| J. BAXTER SCHILLING | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the complaint of the plaintiff be and is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** the Trustee and his counsel submit a statement of costs and expenses, including reasonable attorneys fees, incurred by the Trustee in regards to this Adversary Proceeding within ten (10) days from the entry of this Order.