UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| TRIPLE S RESTAURANTS, INC. | ) | Case No. 94-32848 |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| DONALD M. HEAVRIN | ) | |
| Plaintiff. | ) | A.P. No. 05-3194 |
| vs. | ) | |
| J. BAXTER SCHILLING | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM**

On June 2, 2006, this Court entered a Memorandum and Order granting the motion to dismiss filed by J. Baxter Schilling, the Chapter 7 Trustee (hereinafter the "Trustee"). In that Order, the Court also determined that the Trustee should be awarded costs and expenses due to Donald M. Heavrin's (hereinafter "Heavrin") violation of Fed. R. Bank. P. 9011(b). The Court ordered the Trustee to submit a statement of costs and expenses, including attorney fees, incurred in this adversary proceeding. The Court further stated that upon review of their reasonableness, a separate order would be entered awarding costs and expenses. On June 9, 2006, the Trustee and his counsel filed their statements of costs and expenses. Additionally, Heavrin has now filed a Motion to Recuse and a Motion to Reconsider.

The Court will first address the Motion to Recuse. This is not the first motion to recuse filed by Heavrin against this Court. Indeed, Heavrin filed numerous recusal motions throughout the history of this adversary, the main bankruptcy cases, and other related adversary proceedings. *In re Triple S Restaurants, Inc.*, 422 F.3d 405 (6th Cir. 2005); *In re Triple S Restaurants, Inc.,* 2005 WL 1140625 (6th Cir. 2005). The relevant federal recusal statute, 28 U.S.C. § 455, provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ....

Motions to recuse under Section 455 are subject to the same requirement of timeliness as those under 28 U.S.C. § 144, which requires recusal motions to be "filed not less than ten days before the beginning of the term at which the proceeding is to be heard." *Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334 (S.D.N.Y. 2000); *In re Int'l Business Mach. Corp.*, 618 F.2d 923, 932 (2d Cir. 1980) (Section 455 contains timeliness requirement, despite lack of explicit statutory provision); *United States v. Daley*, 564 F.2d 645, 651 (2d Cir. 1977) (same), cert. denied, 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed. 2d 530 (1978).

The Trustee removed this action to this Court on November 21, 2005. Heavrin did not move for recusal until June 13, 2006, a date after this Court entered its Memorandum and Opinion granting the Trustee's motion to dismiss and awarding sanctions. Instead of moving for recusal within 10 days as required, Heavrin waited over five months before seeking recusal. Such delay is sufficient in and of itself to deny the motion for recusal. Nevertheless, considering the severity of a motion to recuse, the Court will address the merits of the motion.

A judicial officer should not grant a motion for recusal merely because it accuses the judge of a lack of impartiality. Indeed to follow such a course would be to invite forum shopping whenever a litigant or the party's counsel would prefer having a case before a different judge. The determination of whether a motion to recuse should be granted or denied is extremely fact intensive and fact bound, and a motion must be judged on its unique facts and circumstances. In this

2

adversary, Heavrin contends this Court should recuse itself because he questioned this Court's competence and integrity and that he opposed the undersigned's appointment and reappointment to the federal bench.

If mere name calling was sufficient to warrant recusal, every party could engage in judge shopping merely by insulting their judge and then claim judicial bias.  Indeed, Heavrin made this same attempt in the *In re Triple S Restaurants, Inc.*, 422 F.3d 405 (6th Cir. 2005) case.  There, Heavrin also moved for recusal arguing that since he had characterized this Court's work as "incompetent, incomplete, and worthless," that the Court should recuse.  The Court disagreed and denied the motion for recusal and both the District Court and the Sixth Circuit upheld this decision. In this adversary, Heavrin again resorts to disparaging remarks in an effort to remove this Court from the case.  However, like the previous motion, nothing in this record would cause a reasonable observer to conclude that Heavrin would not receive a fair, unbiased adjudication by this Court.

Heavrin also argues that recusal is appropriate because he believes this Court engaged in ex parte communication with the Trustee.  He bases this allegation on the fact that the Trustee filed a pleading which implied the Trustee's Motion to Dismiss was granted before the Court had entered its decision on the motion.  The Court is reluctant to even dignify this inaccurate allegation. Nevertheless, this Court did not engaged in ex parte communication with the Trustee.  All communications between the Court and the Trustee took place in open court and on the record.  Of course, Heavrin may not be aware of the substance of all the communications as neither he nor his counsel attended the hearing on the Trustee's Motion to Dismiss.  As for the Trustee's pleading, while any thoughts on why the Trustee included such language is pure speculation, the Court can only presume the Trustee included this language because of his confidence in his dismissal

arguments and Heavrin's perfunctory response. Simply put, there is nothing in the record to support recusal of this Court. Nothing this Court has done demonstrates a "clear inability to render a fair judgment." *Liteky v. United States*, 510 U.S. 540, 550, 114 S.Ct. 1147, 127 L.Ed. 2d 474 (1994).

The Court now turns to the Motion to Reconsider. The Court could address each of the arguments raised by Heavrin in his somewhat derogatory, flippant motion, but instead will simply conclude that the motion lacks merit. Heavrin raises no new arguments in the motion to reconsider that he did not previously raise in his response to the motion to dismiss. The only thing new Heavrin adds to the discussion are several statements that he consulted with other attorneys before filing the present suit and that this should shield him from Fed. R. Bank. P. 9011 sanctions. While the Court questions the veracity of these statements, it makes little difference. The fact remains that Heavrin filed a complaint against the Trustee unsupported by existing law or a good faith argument for the extension, modification, or reversal of existing law. The Court found the case should be dismissed on four complete separate grounds, any one of which would have supported dismissal. Furthermore, as stated in the Memorandum and Order of Dismissal, the Court believes Heavrin filed this action for an improper purpose, i.e. not to address an actual injury but as retaliation against the Trustee for testifying against Heavrin in the criminal matter.

The Court now turns to the last remaining issue, the amount of sanctions to be awarded to the Trustee. As stated above, the Court ordered the Trustee and his counsel to submit fee statements for a review of reasonableness in order to award Fed. R. Bank. P. 9011(c) sanctions. The Trustee requests a total of $2,132.75 in fees and expenses. The Court finds the time incurred and amount billed are both reasonable under the circumstances. Trustee's Counsel, Lynch, Cox, Gilman & Mahan, P.S.C., submitted a statement requesting a total of $12,090.22. This amount is slightly

different than the amount in the accompanying affidavit ($12,478.72).  The Court can find no explanation for the difference between the figure in the affidavit and the figure in the fee application and thus will use the figure supported by the fee application.  Donald M. Cox, one of the attorneys working on this case for the Trustee, billed 9.7 hours at a rate going from $350 to $365 an hour. While the Court certainly appreciates Mr. Cox's experience and expertise, the Court finds this rate excessive considering the current market in Louisville, Kentucky.  Accordingly, the Court will reduce Mr. Cox's hourly rate to $300 an hour, which is more in line with higher level attorneys in the Louisville area.   This reduction results in a diminution of the total amount of fees and expenses by $576.50.  Other than this slight reduction, the rest of the fees and expenses in the application of the Trustee's attorneys are reasonable.  The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| TRIPLE S RESTAURANTS, INC. | ) | Case No. 94-32848 |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| DONALD M. HEAVRIN | ) | |
| Plaintiff. | ) | A.P. No. 05-3194 |
| vs. | ) | |
| J. BAXTER SCHILLING | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that Donald M. Heavrin's Motion to Recuse be and is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that Donald M. Heavrin's Motion to Reconsider be and is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that the Trustee is awarded fees and expenses in the amount of $2,132.75 and his counsel are awarded fees and expenses in the amount of $11,513.72 for a total award of $13,646.47.